IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM S. COOPER, | ) | |
|     Petitioner, | ) | Civil Action No. 11-83 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DEBRA SAUERS, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 1] be denied and that a certificate of appealability be denied.

**II.  REPORT**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, William S. Cooper, pursuant to 28 U.S.C. § 2254. He is challenging a judgment of sentence imposed by the Court of Common Pleas of Erie County on April 25, 2006.

    **A.  Relevant Background**[1]

In the early morning hours of August 14, 2004, Petitioner struck and seriously injured a pedestrian. His driver's license was suspended at the time of the accident. On January 18, 2006, a jury found him guilty of Aggravated Assault, Simple Assault, Reckless Endangering Another Person, Accidents Involving Death or Personal Injury, and Accidents Involving Death or Personal Injury While

---

[1] Respondents have submitted the Common Pleas Court's file and relevant transcripts. The documents in the Common Pleas Court's file are indexed and numbered 1 through 115. They shall be cited to as "CP Dkt. No. __ ."

1

Not Properly Licensed. The court found him guilty of the summary offenses of Reckless Driving and Driving with a Suspended License.

On April 25, 2006, the court sentenced Petitioner to a term of imprisonment. He filed a direct appeal with the Superior Court of Pennsylvania. On September 12, 2007, the Superior Court issued a decision in which it affirmed his judgment of sentence. (CP Dkt. No. 68, Commonwealth v. Cooper, No. 973 WDA 2006, slip op. (Sept. 12, 2007)). Petitioner did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on or around October 12, 2007, thirty days after the Superior Court's decision was entered and the time for filing a PAA expired. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On or around August 31, 2008, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 74). Court-appointed counsel filed an amended PCRA motion. (CP Dkt. No. 81). The PCRA Court denied relief in February of 2009. (CP Dkt. No. 83). Petitioner appealed to the Superior Court, and on April 12, 2010, it filed a Memorandum in which it affirmed the PCRA Court's decision. (CP Dkt. No. 109, Commonwealth v. Cooper, No. 544 WDA 2009, slip op. (Pa.Super. Apr. 12, 2010)). Petitioner did not file a PAA with the Pennsylvania Supreme Court. Accordingly, his PCRA proceeding concluded on or around May 12, 2010, the date upon which the time to file a PAA expired.

On or around February 21, 2011, Petitioner filed a second *pro se* PCRA motion in which he raised various claims attacking his judgment of sentence. (CP Dkt. No. 110). The PCRA Court appointed counsel, who subsequently filed a "no-merit" letter. (CP Dkt. No. 112). On July 13, 2011, the PCRA Court denied the second PCRA motion as untimely under the applicable statute of limitations, 42 Pa.C.S. § 9545(b). (CP Dkt. No. 114 & Order of July 13, 2011).

In the meantime, Petitioner filed his petition for a writ of habeas corpus with this Court on or around April 3, 2011. [ECF No. 1]. He raises seven claims of ineffective assistance of counsel. [See ECF No. 1 and ECF No. 5].

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). In their Answer, Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 10 at 9-10]. Petitioner has filed a Reply [ECF No. 12], in which he contends, *inter alia*, that the petition is timely because he filed it within one year of the date that his PCRA proceeding concluded. [ECF No. 12 at 5]. As set forth below, Respondents have calculated the limitations period correctly, and Petitioner has not. Accordingly, the petition must be denied as untimely.

**B.     Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[2] As set forth above, Petitioner's judgment of sentence became final on or around October 12, 2007; therefore, the one-year period for filing his federal habeas petition began to run on that date. He filed his first PCRA petition on or around August 31, 2008. Section 2244(d)(2) provides: "The time during which a *properly filed* application for State post-conviction or other

---

[2] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

3

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (Emphasis added). Accordingly, the PCRA petition statutorily tolled AEDPA's statute of limitations on that date. At that point, approximately 324 days already had expired from AEDPA's limitation period. Thus, when his first PCRA proceedings finished, Petitioner would have 41 days to file a timely habeas petition in federal court.

As set forth above, Petitioner's first PCRA proceeding concluded on or around May 12, 2010. See, e.g., Swartz, 204 F.3d at 419-20. See also Lawrence v. Florida, 549 U.S. 327 (2007). After that date, the limitations period began to run again, and Petitioner, having 41 days remaining before the statute of limitations expired, had until on or around June 22, 2010, to file a timely federal habeas petition with this Court. Petitioner did not initiate proceedings with this Court until April 3, 2011, many months outside of AEDPA's statute of limitations.[3]

The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). Petitioner would be entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. See also Sistrunk v. Rozum, 674 F.3d 181, 189-91 (3d Cir. 2012) ("As we have explained, there are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the right application of a limitation period unfair.") (internal citations

---

[3] Petitioner's second PCRA motion was filed well after AEDPA's statute of limitations expired, so it could not serve to statutorily toll the limitations period. Moreover, because it was deemed to be untimely under state law, it did not qualify as "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2) and therefore could not tolled AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (a state postconviction petition that is "rejected ... as untimely ... was not 'properly filed' ... and ... [does] not entitle[ ] [a federal habeas corpus petitioner] to statutory tolling under § 2244(d)(2).").

and quotations omitted); Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Petitioner has not directed the Court to anything in the record which indicates that equitable tolling would be appropriate in this case.

Based upon all of the foregoing, the petition is untimely and it must be denied for that reason.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition is untimely. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and

Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: June 6, 2012

cc:     The Honorable Sean J. McLaughlin
        United States District Judge