IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM S. COOPER, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 11-83 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DEBRA SAUERS, et al., | ) | |
| Respondents. | ) | |

# MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

Before the Court is Petitioner William S. Cooper's *Void Judgment Motion* [ECF No. 18], which shall be construed as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] [ECF No. 18]. For the reasons that follow, Cooper's motion is denied.

## I.

**A.   Relevant Background**

Cooper is a state prisoner currently confined in the State Correctional Institution Forest. On or around April 3, 2011, he filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged a judgment of sentence imposed by the Court of Common Pleas of Erie County on April 25, 2006. He raised seven claims of ineffective assistance of counsel.

This case was referred to U.S. Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for

---

[1]   Cooper styles his motion as being filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because he has filed it within 28 days of this Court's entry of judgment, it is properly construed as a motion to alter or amend a judgment pursuant to Rule 59(e). However, he is not entitled to relief under either Rule because there is no basis for this Court to reconsider its judgment in this case.

1

Magistrate Judges. In their Answer [ECF No. 10], Respondents contended that the petition should be denied as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified at 28 U.S.C. § 2244(d). AEDPA establishes a one-year limitations period for state prisoners to file for federal habeas relief, which "run[s] from the latest of" four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns the first of those dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Cooper filed a Reply [ECF No. 12], in which he contended that the petition was timely because he filed it within one year of the date that his PCRA proceeding concluded.

On June 6, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 13], in which she recommended that Cooper's petition be denied as untimely. The Magistrate Judge explained that Cooper's judgment of sentence became final on or around October 12, 2007;[2] therefore, the one-year period for filing his federal habeas petition began to run on that date. When he filed his first PCRA motion on August 31, 2008, that motion statutorily tolled the limitations period. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). By that date, approximately 324 days already had expired from the limitation period. Thus, when his first PCRA proceedings finished, Cooper would have 41 days to file a timely habeas petition in federal court.

---

[2]   On September 12, 2007, the Superior Court issued a decision in which it affirmed Cooper's judgment of sentence. He did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on or around October 12, 2007, thirty days after the Superior Court's decision was entered and the time for filing a PAA expired. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

The PCRA Court denied Cooper relief in February of 2009, and he filed an appeal with the Superior Court. On April 12, 2010, the Superior Court filed a Memorandum in which it affirmed the PCRA Court's decision. Cooper did not file a PAA with the Pennsylvania Supreme Court. Accordingly, his PCRA proceeding concluded on or around May 12, 2010, the date upon which the time to file a PAA expired. See, e.g., Swartz, 204 F.3d at 419-20. See also Lawrence v. Florida, 549 U.S. 327 (2007). After that date, AEDPA's limitations period began to run again, and Cooper, having 41 days remaining before the statute of limitations expired, had until on or around June 22, 2010, to file a timely federal habeas petition with this Court. The Magistrate Judge explained that because he did not initiate proceedings with this Court until April 3, 2011, his petition was untimely by more than nine months.

In his Objections [ECF Nos. 14-16] to the Magistrate Judge's Report and Recommendations, Cooper contended that he did not receive notification that the Superior Court had denied his PCRA appeal until September 20, 2010. Even if the Court assumed that that were true and tolled the limitations period through that date, Cooper's petition was still untimely by more than six months. Accordingly, on July 2, 2012, after *de novo* review of the documents in this case, together with the Report and Recommendation, Cooper's Objections and amendments thereto, we issued a Memorandum Order in which we adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court and closed this case.

On July 23, 2012, Cooper filed the pending *Void Judgment Motion* in which he requests that the Court reopen this case, conduct an evidentiary hearing, reconsider our determination that his petition is untimely, review his claims on the merits, and grant him habeas relief.

3

## II.

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The Third Circuit Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted) (emphasis added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Cooper has not demonstrated that he is entitled to the relief he seeks. There has been no intervening change in the controlling law or the discovery of new evidence since this Court issued the July 2, 2012 Memorandum Order. Nor has Cooper established a "need to correct a clear error or to prevent manifest injustice." What he actually is attempting to do is relitigate issues already finally decided by this Court. A motion for reconsideration, however, may not be used as a "second bite at the apple." A movant who fails in the first attempt to persuade a court to adopt its position may not use a subsequent motion for alter the final judgment in order to rehash arguments already made and rejected, or to raise new arguments that he previously failed to raise before the court when the matter at issue was being decided. Id.; Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). No argument that Cooper makes in the instant motion warrants reconsideration of this Court's decision to deny his petition as untimely.

4

**III.**

Accordingly, this **21st** day of **August, 2012**, it is hereby **ORDERED** that Cooper's *Void Judgment Motion* [ECF No. 18] is **DENIED**.

                                                  s/    Sean J. McLaughlin
                                                            United States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge